UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZON DOOLIN,<br><br>    Petitioner,<br><br>  vs.<br><br>VINCENT CULLEN, Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:09-CV-01453-AWI-P<br><br>DEATH PENALTY CASE<br><br>Order Granting in Part Petitioner's Motion for Equitable Tolling |

On August 17, 2010, Petitioner Keith Zon Doolin ("Doolin"), a state prisoner facing capital punishment, filed a motion for equitable tolling of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). A case management conference was held September 27, 2010, before the Honorable Anthony W. Ishii, to discuss Doolin's motion and the litigation schedule in this case. The hearing continued after the Warden's counsel was excused to address case budgeting issues in camera. Under 18 U.S.C. § 3599(f), ex parte consideration of funding applications requires a showing of the need for confidentiality. Since budget applications require disclosure of matters protected by the attorney-client and/or work product privileges, the need for confidentiality is inherent in the budgeting process. *See*

Fed.R.Civ.P. 26 (b)(3).  Accordingly, budget forms and supporting documentation are filed under seal and court proceedings, though reported, similarly are maintained under seal.  A separate order filed under seal documents the results of the ex parte proceedings authorizing a Phase I budget for this case.

Doolin first sought federal habeas corpus relief August 17, 2009, and the Federal Defender was appointed to represent him October 14, 2009.  The parties agreed the statute of limitations ("SOL") would expire October 5, 2010, one year after the denial of certiorari on Doolin's direct appeal.  During the investigation of Doolin's federal habeas petition, the Federal Defender discovered a conflict in their representation which required them to withdraw, and new counsel was appointed under the Criminal Justice Act to represent Doolin on June 15, 2010.

Doolin argues his change of counsel justifies tolling the SOL for one year, to October 5, 2011.  New counsel assert this amount of time is necessary to review the record and files, familiarize themselves with the work of prior counsel, integrate that into the petition, and conduct further investigation and analysis of the two murders and four attempted murders underlying Doolin's conviction.  New counsel filed a sealed declaration in support stating the tasks projected to be completed prior to filing his federal petition.  New counsel also assert the court must consider they are both in private practice with active caseloads.  Doolin cites in support of his motion the Ninth Circuit's approval of seven months of tolling in *Beeler*[1] where lead counsel withdrew and second counsel remained on

---

[1] *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States District Court (Kelly)* , 163 F.3d 530, 530 (9th Cir. 1998) (when is a case pending for purposes of applying the AEDPA), *and later affirmed on those grounds by Woodford v. Garceau*, 538 U.S. 202 (2003) (abrogating *Kelly*'s ruling regarding application of the AEDPA).

the case, arguing that one year of tolling is justified here since no prior counsel remains on his case. Doolin asserts he meets the other requirements for equitable tolling: that he has been diligent and extraordinary circumstances beyond his control require tolling, *see Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2459, 2560 (2010), and that tolling will allow him to receive effective assistance of counsel and will not prejudice the State.

Respondent Vincent Cullen ("the Warden") asserts that new counsel for Doolin can present all the exhausted claims from the state direct appeal and habeas petition by the current deadline. Counsel can then develop any additional claims and seek to amend the federal petition as necessary, risking losing only the "newly developed" claims if equitable tolling is not granted. Alternatively, based on the time that prior and current counsel have been appointed in this case, the Warden requests that should equitable tolling be granted, no more than six months be allowed.

Doolin rejects the Warden's proposal to simply re-title the state filings, then develop any additional claims and seek to amend the federal petition. Doolin asserts new counsel have a duty to ensure all viable claims and the facts supporting them are presented in the petition, which requires review of the record and subsequent investigation, and the Warden's suggestion to file a petition and seek amendment for additional claims overlooks the limits imposed by *Mayle v. Felix*, 545 U.S. 644 (2005) (amendment only allowed after the one-year statute of limitations if the claims "relate back" to the original petition). Doolin observes the Warden concedes that he risks losing the newly developed claims by seeking amendment, and asserts that when he is not at fault he should not have to "risk" anything, especially where a potential claim might save his life. Doolin further contends the Warden's argument does not assert any prejudice

resulting from the proposed one-year extension, and argues the failure to grant the extra year would seriously prejudice his right to present a comprehensive petition.

Under 28 U.S.C. § 2241(d)(1), a state court prisoner has one-year to seek federal habeas corpus relief from a state court judgment. The one-year period runs from the date on which direct review became final, and may be tolled by the filing of a state habeas petition. 28 U.S.C. § 2254(d)(2). The United States Supreme Court recently determined that the one-year statute of limitations of § 2254(d) is subject to equitable tolling, first, since it is not jurisdictional it is subject to a rebuttable presumption in favor of equitable tolling, second, because it differs from statutes where that presumption has been overcome, and third, because the basic purpose of the AEDPA is not undermined by equitable tolling. *Holland v. Florida, supra*, 560 U.S. ___, 130 S.Ct. at 2560-62.

In *Holland*, the Supreme Court reiterated that in order to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, ___ U.S. ___. 103 S.Ct. at 2562. The decision on whether a court should grant equitable tolling is "highly fact-dependent" and a petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

The minimum amount of equitable tolling to which Doolin would be entitled is the time he was totally without counsel, or 27 days: 9 days from the denial of certiorari October 5, 2009, until the appointment of the Federal Defender October 14, 2009, plus 18 days from when the Federal Defender's motion to withdraw was granted May 28, 2010, until the appointment of new counsel June 15, 2010. The maximum amount of equitable tolling, which

completely discounts the over seven months of representation by the Federal Defender, would be 253 days (from denial of certiorari to appointment of new counsel).

Based on the filings of the parties and their positions as presented at the hearing, the Court determined that equitable tolling is justified in this case due to the change in representation for Doolin.  The Court found that seven months (approximately 210 days) of tolling was reasonable in light of the facts of this case.  Doolin's federal habeas petition is due on or before April 27, 2011.

After filing of the federal petition, the parties shall meet and confer for the purpose of discussing their respective positions about the exhaustion status of the petition, and shall file a Joint Statement on Exhaustion by May 27, 2011.  Should the parties be unable to agree about the exhaustion status of any claim(s) in the petition, Doolin shall file, concurrently with the joint statement, a supplemental declaration setting forth where in the state filings he contends the exhaustion requirement was satisfied.  A case management conference shall be held June 6, 2011, at 3:00 p.m., to discuss the subsequent litigation schedule.  The conference shall be held telephonically, although local counsel may elect to appear in person.  Counsel for Doolin shall initiate the conference call, if necessary.

IT IS SO ORDERED.

DATED:   October 1, 2010

　　　　　　　　　　　　　　　　　　　　/s/ Anthony W. Ishii
　　　　　　　　　　　　　　　　　　　Chief United States District Judge

OEquitableTollingDln                                         5