UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZON DOOLIN,<br><br>    Petitioner,<br><br>  vs.<br><br>MICHAEL MARTEL, Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 1:09-CV-01453-AWI-P<br><br>DEATH PENALTY CASE<br><br>Order Amending Schedule for Petitioner's Case Management and Budget Plan |

On March 9, 2011, the Phase I-B Case Management and Budget Plan for Petitioner Keith Zon Doolin ("Doolin") was approved. The Phase 1-B Budget includes tasks necessary to prepare and file Doolin's federal habeas petition, extends through the determination of exhaustion and abeyance, if necessary, or the filing of the answer, and is currently scheduled to extend through August, 2011.

Doolin first sought federal habeas corpus relief August 17, 2009, and the Federal Defender was appointed to represent him October 14, 2009. The parties agreed the statute of limitations ("SOL") would expire October 5, 2010, one year after the denial of certiorari on Doolin's direct appeal. During the investigation of Doolin's federal habeas petition, the Federal Defender discovered a conflict in their representation which required them to withdraw, and new counsel was

appointed under the Criminal Justice Act to represent Doolin on June 15, 2010.

The Court found that seven months of equitable tolling was reasonable in light of the facts of this case.  The one year statute of limitations for Doolin's federal habeas petition was extended to April 27, 2011.  The parties subsequently stipulated to additional equitable tolling to July 20, 2011, based on the unexpected illness of one of Doolin's counsel.

After approval of Doolin's Phase I-B budget, the United States Supreme Court issued *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388 (April 4, 2011), limiting the evidence a federal court can consider in determining whether a petitioner has met the requirements of 28 U.S.C. § 2254(d)(1).  On April 7, 2011, this Court issued an order in this case, suspending all work on issues affected by *Pinholster*.  An order was issued on May 18, 2011, to clarify the information needed from Doolin to inform reconsideration of the Phase I-B Budget in light of *Pinholster*.

*Pinholster* noted the following limitations the AEDPA has imposed on applications for federal habeas relief, in Title 28 of the United States Code:

1. Section 2254(a) only permits consideration of applications for habeas relief which allege that a person is in state custody "in violation of the Constitution or laws or treaties of the United States."

2. Sections 2254(b) and (c) prohibit granting applications, with certain exceptions, where the applicant has not exhausted state remedies.

3. Section 2254(d) prohibits granting applications that have been "adjudicated on the merits in State court proceedings, . . . unless the adjudication of the claim,
    "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

4. For claims not subject to § 2254(d) (i.e., procedurally defaulted claims), if a

prisoner "failed to develop the factual basis of a claim in State court proceedings," § 2254(e)(2) bars a federal court from holding an evidentiary hearing, unless the applicant meets certain statutory requirements.

The standard of 2254(d) is "difficult to meet," *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 786 (2011), and it is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citation and internal quotation marks omitted). The petitioner carries the burden of proof. *Id.*, at 25. Section 2254(d) applies even where there has been a summary denial. *Richter*, 131 S. Ct. at 786. *Pinholster* clarified that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S. Ct. at 1398. Further, the Court in *Pinholster* noted that the focus of section 2254(e)(2) is not to preserve the opportunity for hearings, but to limit the discretion of federal courts in holding hearings. *Id.,* at 1401 n.8.

The holding of *Pinholster* presents questions about when investigative and expert services may be authorized, and when the threshold of § 2254(d)(1) must be applied. The following process for approval of funding prior to filing the petition will be imposed in this case:

1. In the case of legally exhausted claims for which a factual basis was presented in state court, pre-petition fact development will be precluded, unless the factual basis presented in state court is shown to have been incomplete so that additional fact development would lead to the formation of a new, unexhausted claim.

2. For unexhausted claims, the authorization of funds for pre-petition fact development will be determined by the following factors in addition to guiding principles outlined in the Ninth Circuit Judicial Council CJA Capital Habeas Costs Policy:

    a. A description of the evidence sought to be uncovered.
    b. The efforts previously undertaken to develop the evidence sought and the reason those efforts were unsuccessful.

      c.      Reasonable assurance by counsel that the investigation, expert service, or other ancillary assistance will be efficacious in uncovering the evidence sought.
      d.      Whether the evidence sought existed and was reasonably accessible at the time of trial.
      e.      The connection of the evidence sought to a prospective claim that will be raised in the federal petition.

Applying these guidelines will allow the development of unexhausted claims where petitioners can establish diligence, efficacy, and claim cognizability. This approach also will facilitate any further determination under (d)(1) of the reasonableness of the state decision based on the same record that was before the state court prior to granting further evidentiary development. This Court is mindful that the development of evidentiary facts does not necessarily render existing claims unexhausted. *See Vasquez v. Hillery*, 474 U.S. 254, 257-58, 260 (1986) (rejecting challenge to new evidence because it did not fundamentally alter the legal claim the state courts previously considered).

The following briefing schedule is set for this proceeding;

1. Doolin's supplemental brief in support of funding for unexhausted claims shall be filed, ex parte and under seal, by June 15, 2011.
2. Doolin's motion for additional equitable tolling of the statute of limitations shall be filed within 20 days of the order amending his Phase 1-B Budget.
3. The Warden's opposition, if any, to additional equitable tolling shall be filed within 20 days of Doolin's motion.
4. Doolin's reply shall be filed within 10 days of any opposition.

IT IS SO ORDERED.

DATED:     May 18, 2011

                                      /s/ Anthony W. Ishii
                                      Chief United States District Judge