UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZON DOOLIN,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>MICHAEL MARTEL, Acting Warden of San Quentin State Prison,<br><br>　　　　　Respondent. | Case No. 1:09-CV-01453-AWI-P<br><br>DEATH PENALTY CASE<br><br>Order Denying Without Prejudice Petitioner's Motion for Interim Equitable Tolling and Vacating Hearing on July 6, 2011 |

On March 9, 2011, the Phase I-B Case Management and Budget Plan for Petitioner Keith Zon Doolin ("Doolin") was approved. The Phase 1-B Budget includes tasks necessary to prepare and file Doolin's federal habeas petition, extends through the determination of exhaustion and abeyance, if necessary, or the filing of the answer, currently scheduled to extend through August, 2011.

Doolin first sought federal habeas corpus relief August 17, 2009, and the Federal Defender was appointed to represent him October 14, 2009. The parties agreed the statute of limitations ("SOL") would expire October 5, 2010, one year after the denial of certiorari on Doolin's direct appeal. During the investigation of Doolin's federal habeas petition, the Federal Defender discovered a conflict in their representation which required them to withdraw, and new counsel was appointed under the Criminal Justice Act to represent Doolin on June 15, 2010.

The Court found that seven months of equitable tolling was reasonable in light of the facts of this case. The one year statute of limitations for Doolin's federal habeas petition was extended to April 27, 2011. The parties subsequently stipulated to additional equitable tolling to July 20, 2011, based on the unexpected illness of one of Doolin's counsel.

After the second phase of Doolin's pre-petition budget was approved, the United States Supreme Court issued *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388 (April 4, 2011), which limited the evidence a federal court can consider in determining whether a petitioner has met the requirements of 28 U.S.C. § 2254(d)(1). On April 7, 2011, an order was issued in this case, suspending all work on issues affected by *Pinholster*. An order clarifying the information needed from Doolin to inform reconsideration of the Phase I-B Budget in light of *Pinholster* and setting a briefing schedule, was filed May 18, 2011. Doolin's supplemental brief regarding his Phase 1-B budget is due June 15, 2011, and his motion for additional equitable tolling of the statute of limitations shall be filed within 20 days of the order amending his Phase 1-B Budget. The Warden's opposition, if any, to additional tolling shall be filed within 20 days of Doolin's motion, and Doolin's reply shall be filed within 10 days of any opposition.

Noting this briefing schedule will extend beyond the current deadline for filing his federal petition, and arguing the interruption in pre-petition investigation prevents the timely filing of his petition, Doolin filed a motion for interim equitable tolling, seeking additional tolling of 30 days or such other date as the Court may set.

Doolin argues he has been diligently pursuing his rights, and that the *Pinholster* opinion and the subsequent work suspension of more than five weeks are extraordinary circumstances which will prevent him from filing his petition

by July 20. Doolin's counsel observe that if he were still represented by the Federal Defender's Office, the fact-development would not have been suspended by Court order and he would have been able to timely file his petition.[1] Lastly, Doolin asserts he will be seeking to develop facts supporting unexhausted claims, so the petition cannot be prepared by the current due date.

The Warden opposes additional interim tolling (and by implication any further equitable tolling), asserting that Doolin has not shown he was entitled to further tolling. First, the Warden disputes that *Pinholster* constitutes an extraordinary circumstance preventing timely filing of the petition. The Warden argues Doolin can present all his exhausted claims by the current deadline. The Warden asserts that if *Pinholster* has any effect, it is to make the filing of a timely petition easier because federal review of exhausted claims is limited to the record that was before the state court, so that no further investigation or factual development is necessary before presenting those claims in a federal petition.

Second, the Warden disputes Doolin's claim that the order suspending fact development for five weeks prevents timely filing, asserting that *Pinholster* has made the need for such fact development "suspect." The Warden asserts that Doolin can file all his currently developed claims, both exhausted and unexhausted, by the current deadline, and that any later-developed claims could be raised in an amended petition if they relate back to the original petition or are based on "newly discovered" facts. The Warden argues the development of facts to support unexhausted claims may be unnecessary, as late-developed claims would be barred as untimely. *See Walker v. Martin*, 562 U.S. __, 131 S. Ct. 1120 1131 (2010) (finding California's timeliness rule an adequate and independent

---

[1] This ignores the possibility that the issuance of *Pinholster* also might have caused an interruption in the fact development by the Federal Defender.

state procedural ground).

Doolin replies the Warden made almost the same contention, that he can timely present all his exhausted claims prior to the deadline, in opposition to the first request for equitable tolling. This argument was implicitly rejected by the first grant of equitable tolling, and Doolin contends it should be rejected again. Doolin asserts the Warden's reliance on *Pinholster* as limiting the petition to facts developed by an incompetent trial counsel and underfunded state habeas counsel, is misplaced. Doolin observes the *Pinholster* majority conceded that state prisoners may sometimes submit new evidence in federal court (although the statute is designed to strongly discourage them from doing so).

Doolin contends the Warden's argument that new claims would be barred as untimely, is misleading. Doolin argues that California law requires that habeas petitions be filed "as promptly as the circumstances allow." Here, Doolin contends he would be returning to state court with a second habeas petition just two years after the 2009 denial of his first state habeas petition, and will be able to justify his failure to raise the new claims at an earlier date.

Finally, Doolin asserts the Warden fails to acknowledge the United States Supreme Court has authorized tolling as an equitable measure. *See Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2459, 2460 (2010). Doolin observes the Court has already found the change of counsel justified tolling the statute of limitations. Counsel for Doolin note *Pinholster* requires an "unanticipated and inordinate" number of hours to revisit budget issues, which when added to the cessation of work order and the pending additional briefing regarding the development of additional facts in this pre-petition phase, has directly prevented filing constitutionally adequate federal and state exhaustion petitions by July 20, 2011.

Counsel for Doolin dispute the Warden's characterization that they are

seeking "to file a habeas petition at such point in time that counsel deem themselves satisfied that all pre-habeas investigation has been completed." Counsel for Doolin contend the Court has ultimate control over how much fact development may occur, and "has already significantly restricted counsel's efforts," prior to requiring further justification in light of *Pinholster* and fixing new limits on pre-petition fact development. To the extent that fact development is permitted, counsel assert they must have time to accomplish it and plead it as the basis for Doolin's claims. Doolin argues the circumstances of his case are extraordinary, beyond his control, and justify interim equitable tolling until the Court can make a final equitable tolling decision.

Doolin's supplemental briefing regarding his Phase 1-B budget is due by June 15, 2011. It is the Court's intent to issue the order regarding the amended Phase 1-B budget by June 17, 2011. Doolin's request for interim tolling of 30 days from this date would be within the current SOL, and as such is denied without prejudice and the hearing set for this motion is vacated. It is unclear at this point the extent of work which will be justified during the pre-petition period. An expedited briefing schedule regarding further equitable tolling is established. Doolin's motion is due June 28, 2011. The Wardens' opposition is due July 8, 2011, and Doolin's reply is due July 13, 2011.

IT IS SO ORDERED.

DATED:   June 2, 2011

　　　　　　　　　　　　　　　　　　  /s/ Anthony W. Ishii
　　　　　　　　　　　　　　　　　　Chief United States District Judge