UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZON DOOLIN,<br><br>            Petitioner,<br><br>  vs.<br><br>MICHAEL MARTEL, Acting Warden of San Quentin State Prison,<br><br>            Respondent. | Case No. 1:09-CV-01453-AWI-P<br><br>DEATH PENALTY CASE<br><br>Order Granting Reconsideration of Petitioner's Motion for Interim Equitable Tolling and Vacating Schedule for Further Equitable Tolling |

On March 9, 2011, the Phase I-B Case Management and Budget Plan for Petitioner Keith Zon Doolin ("Doolin") was approved. The Phase 1-B Budget includes tasks necessary to prepare and file Doolin's federal habeas petition, extends through the determination of exhaustion and abeyance.

Doolin first sought federal habeas corpus relief August 17, 2009, and the Federal Defender was appointed to represent him October 14, 2009. The parties agreed the statute of limitations ("SOL") would expire October 5, 2010, one year after the denial of certiorari on Doolin's direct appeal. During the investigation of Doolin's case, the Federal Defender discovered a conflict which required them to withdraw from their representation, and new counsel was appointed under the Criminal Justice Act to represent Doolin on June 15, 2010.

The Court determined seven months of equitable tolling was reasonable, and extended the statute of limitations for Doolin's federal habeas petition to April 27, 2011.  The parties subsequently stipulated to additional equitable tolling to July 20, 2011, based on the unexpected illness of one of Doolin's counsel.

After Doolin's Phase 1-B Budget was approved, the United States Supreme Court issued *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388 (April 4, 2011), which limited the evidence a federal court can consider in determining whether a petitioner has met the requirements of 28 U.S.C. § 2254(d)(1).  On April 7, 2011, an order was issued in this case, suspending all work on issues affected by *Pinholster*, and requesting supplemental briefing regarding the budget.

Doolin filed a motion for interim equitable tolling, seeking additional tolling of 30 days or such other date as the Court may set.  The Warden opposed interim tolling, and by implication any further equitable tolling.  Doolin's motion for interim equitable tolling was denied without prejudice May 31, 2011, as it was unclear prior to receipt of the supplemental briefing the extent of work which would be justified during the pre-petition period.  An expedited briefing schedule regarding further equitable tolling was established to resolve the matter after issuance of the order amending the budget and prior to the current due date for Doolin's petition.

Doolin's supplemental brief regarding his Phase 1-B budget was filed June 14, 2011.  An order granting amendment in part of the Phase 1-B Budget, and denying without prejudice certain items requiring additional information, is issued under seal concurrently with this order.  In light of the tasks authorized in the amended budget, and the tasks which require additional information prior to determining whether additional funding will be justified, Doolin's motion for equitable tolling is granted.

Based on the filings of the parties, the Court determines that additional equitable tolling is justified in this case due to the suspension of work precipitated by *Pinholster*. Ninety days of additional tolling is determined to be reasonable in light of the facts of this case. The briefing schedule for further equitable tolling, established in the Order Denying Without Prejudice Petitioner's Motion for Interim Equitable Tolling (Doc. 63) is vacated. Doolin's federal habeas petition is due on or before October 18, 2011.

The schedule following the filing of Doolin's federal petition is similarly amended: the parties shall meet and confer for the purpose of discussing their respective positions about the exhaustion status of the petition, and shall file a Joint Statement on Exhaustion by November 17, 2011. Should the parties be unable to agree about the exhaustion status of any claim(s) in the petition, Doolin shall file, concurrently with the joint statement, a supplemental declaration setting forth where in the state filings he contends the exhaustion requirement was satisfied. A case management conference shall be held November 28, 2011, at 3:00 p.m., to discuss the subsequent litigation schedule. The conference shall be held telephonically, although local counsel may elect to appear in person. Counsel for Doolin shall initiate the conference call, if necessary.

IT IS SO ORDERED.

DATED:   June 17, 2011

　　　　　　　　　　　　　　　　　　　　/s/ Anthony W. Ishii
　　　　　　　　　　　　　　　　　　Chief United States District Judge