1

2

3

4

5

6                   UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9    KEITH ZON DOOLIN,                    )  Case No. 1:09-CV-01453-AWI-P
                                          )
10                      Petitioner,       )
                                          )  DEATH PENALTY CASE
11        vs.                             )
                                          )  Order Denying Petitioner's Motion
12   MICHAEL MARTEL, Acting Warden        )  for Additional Equitable Tolling;
     of San Quentin State Prison,         )  Granting Petitioner's Motion for
13                                        )  Stay and Abeyance
                        Respondent.       )
14   _____ )

15

16        Doolin timely filed his federal petition, which included both exhausted and

17   unexhausted claims, October 18, 2011, and concurrently filed a motion for stay

18   and abeyance of his federal proceedings.  The Warden opposes stay and

19   abeyance.  Doolin's state exhaustion petition (S197391) was filed with the

20   California Supreme Court October 24, 2011.  Doolin states he submitted his state

21   exhaustion petition to the California Supreme Court on October 18, but they

22   refused to file it due to "non-substantive clerical errors."  Doolin asserts the

23   exhibits in support of the exhaustion petition were accepted by the California

24   Supreme Court on October 18, and held until the exhaustion petition was filed on

25   October 24, 2011.

26        The Warden contends Doolin has not shown good cause for stay and

1   abeyance as required by *Rhines v. Weber*, 544 U.S. 269 (2005).  Contrary to

2   Doolin's assertion, the Warden asserts there is no uncertainty over the timeliness

3   of his state exhaustion petition, that California's timeliness rule is firmly

4   established and regularly followed and that Doolin has failed to show the

5   absence of substantial delay, good cause for the delay, or that he meets an

6   exception to the rule.  The Warden requests Doolin's motion for stay and

7   abeyance be denied, and Doolin be ordered to withdraw his unexhausted claims

8   and to proceed with litigation on his exhausted claims.

9        Doolin disagrees that the state's timeliness rules are certain, and asserts in

10  his state exhaustion petition that (1) his claims were filed without substantial

11  delay from the time the claims were discovered after funding was provided by

12  the federal court; (2) good cause exists for any delay because prior appellate/

13  habeas counsel was ineffective by failing to present these claims and/or to request

14  funding to investigate them; and (3) the claims fall within exceptions to the

15  timeliness standards as they allege constitutional errors that resulted in a

16  fundamentally unfair trial and presented a misleading profile of Doolin such that

17  absent the errors no reasonable jury would have imposed a sentence of death.

18  Doolin asserts the California Supreme Court should be allowed to make the

19  determination whether or not the claims presented in the exhaustion petition will

20  be addressed on the merits.

21       Doolin filed a motion for additional equitable tolling November 28, 2011.

22  Doolin requests the statute of limitations be extended six days, to October 24, to

23  ensure that California's "unreasonable refusal to file the petition it received on

24  October 18 will not create procedural confusion in future,"and to prevent any

25  "additional and unnecessary obstacles to this Court's consideration of his newly-

26  developed claims and evidence" should the California Supreme Court reject

1   them.

2        The Federal Defender was initially appointed to represent Doolin October

3   14, 2009.  The one-year statute of limitations began to run October 5, 2009.  The

4   Federal Defender discovered a conflict in their representation and withdrew May

5   28, 2010.  CJA counsel was appointed to represent Doolin June 15, 2010, and the

6   statute of limitation was equitably tolled for 204 days to April 27, 2011.

7   Subsequently, the parties stipulated to an additional 84 days of equitable tolling

8   to July 20, 2011, due to the illness of lead counsel for Doolin.  Following the

9   issuance of *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388 (April 4, 2011), the

10   proceedings were suspended and the budget re-evaluated.  An additional 90

11   days of equitable tolling was granted, extending the statute of limitations to

12   October 18, 2011.

13        Doolin's motion for further equitable tolling results from his state

14   exhaustion petition being filed on October 24, 2011, six days after the expiration

15   of his (already equitably-tolled three times) statute of limitations on October 18,

16   2011.  Doolin asserts the substance of his state exhaustion petition complied with

17   California's requirements, and the California Supreme Court Clerk's refusal to

18   file the petition did not comply with their own rules.  Doolin contends the state's

19   rules require that a non-conforming petition be filed and then corrected.  Doolin

20   argues he has been diligent in pursuing his rights, and the state's refusal to

21   comply with their own rules was an extraordinary circumstance which prevented

22   a timely filing.

23        The Warden opposes further equitable tolling of the statute of limitations,

24   asserting Doolin has not made the required showing.  The Warden contends

25   Doolin should seek relief from the state court for non-compliance with the

26   California Rules of Court.  The Warden also contends that Doolin has not shown

1   that he is entitled to equitable tolling since he complied with the *federal* timing

2   rules.  The Warden asserts Doolin's problem is that he did not comply with the

3   federal exhaustion requirement by presenting his claims to the state prior to

4   raising them in federal court.  The Warden argues, despite Doolin's claim to the

5   contrary, that no "extraordinary circumstance" prevented his timely filing of the

6   state exhaustion petition, but that it was caused by simple attorney negligence in

7   failing to ensure the state petition conformed to state court rules.

8        The Warden contends Doolin's motion for stay and abeyance should be

9   denied because he failed to file his state exhaustion petition within the federal

10   statute of limitations.  Doolin based his motion for stay and abeyance on

11   uncertainty over whether the state court would find the claims in his exhaustion

12   petition timely and properly filed, and thus subject to statutory tolling.  Since

13   Doolin did not file his exhaustion petition until after the expiration of the federal

14   statute of limitations, the Warden asserts it makes no difference whether the state

15   court finds the exhaustion petition to be timely, as the claims will still be time

16   barred in federal court.  The Warden argues Doolin has no valid basis for

17   requesting a stay of federal proceedings, as even a properly-filed state petition

18   cannot revive the federal statute of limitations once it has expired.  *See Jimenez v.*

19   *Rice*, 276 F.3d 478, 482 (9th Cir. 2001).  The Warden contends Doolin's motion for

20   stay and abeyance should be denied and his unexhausted claims should be

21   withdrawn from his federal petition.

22        Doolin replies the filing date of his state exhaustion petition is irrelevant to

23   the federal timeliness of his unexhausted claims.  Doolin filed all the claims he

24   intends to pursue in federal court within the AEDPA limitations period as set by

25   this Court.  Doolin argues the California Supreme Court plays no role in the

26   federal timeliness determination under the AEDPA.

1   Conversely, Doolin contends the state court imposes no deadlines for

2   exhaustion petitions, but inquires whether newly-discovered claims were

3   presented "as promptly as the circumstances allow," and "without 'substantial

4   delay.'" Doolin asserts that since the state court has ordered informal briefing on

5   his exhaustion petition, his unexhausted claims are at least potentially

6   meritorious, and so his federal petition should be stayed under *Rhines*.

7   Doolin disputes the Warden's citation to *Jimenez v. Rice*, as inapplicable to

8   his case, as the petition there contained only unexhausted claims.  Doolin asserts

9   his federal petition, which contains both exhausted and unexhausted claims, can

10   be stayed so that there will be no need to "revive" an "expired" statute of

11   limitations, since all his claims were already timely filed in this Court.

12   Doolin furthers asserts that filing a state exhaustion petition after the filing

13   of a federal petition does not run afoul of the statute of limitations.  Doolin notes

14   this was the procedural posture of *Rhines*, where the exhaustion petition was not

15   yet filed when the state appealed the district court order staying the federal

16   petition.  *See also Gonzales v. Wong*, __ F.3d __, 2011 WL 6061514 (9th Cir. Dec. 7,

17   2011) (instructing district court on remand to stay and abey federal habeas

18   proceedings to allow petitioner to present his *Brady* claim to the state court).

19   Doolin argues that his motion for stay and abeyance should be granted as

20   this Court has the authority to stay his federal petition, he has good cause for no

21   presenting the evidence to the state court, he has been diligent, and his

22   exhaustion petition contains potentially meritorious claims.

23   Attorney negligence is not an "extraordinary circumstance" on which

24   equitable tolling should be granted.  *Lawrence v. Florida*, 549 U.S. 327, 337-38

25   (2007).  Given the generous amount of time granted to CJA counsel to prepare

26   and file the federal petition by the three prior orders granting equitable tolling, it

1  is not unreasonable to presume that counsel could have filed the exhaustion

2  petition one week, or even one day, prior to the expiration of the statue of

3  limitations, so that any formatting problems could be timely corrected.  Doolin's

4  motion for further equitable tolling is DENIED.

5       However, Doolin's argument that *Rhines* does not require unexhausted

6  claims to be presented to a state court <u>before</u> the statute of limitations expires,

7  only that they be presented in a timely matter to avoid unnecessary delay, is

8  persuasive.  Doolin asserts he presented all the claims he intends to pursue in his

9  federal petition, and his petition was timely filed under the statute of limitations.

10      California's rules regarding what circumstances meet the "good cause for

11 substantial delay" requirement are unclear.  The state court should be allowed to

12 determine if Doolin has complied with their requirements.  Doolin's motion for

13 stay and abeyance of his federal petition is GRANTED.

14

15 IT IS SO ORDERED.

16

17 DATED:   ____January 17, 2012____

18                                    ___/s/ Anthony W. Ishii___

19                                    Chief United States District Judge

20

21

22

23

24

25

26

OEquitableTolling5Dln                    6