UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZON DOOLIN,<br><br>        Petitioner,<br><br>    vs.<br><br>MICHAEL MARTEL, Acting Warden of San Quentin State Prison,<br><br>        Respondent. | Case No. 1:09-CV-01453-AWI-P<br><br><u>DEATH PENALTY CASE</u><br><br>Order Denying Petitioner's Motion for Additional Equitable Tolling; Granting Petitioner's Motion for Stay and Abeyance |

Doolin timely filed his federal petition, which included both exhausted and unexhausted claims, October 18, 2011, and concurrently filed a motion for stay and abeyance of his federal proceedings. The Warden opposes stay and abeyance. Doolin's state exhaustion petition (S197391) was filed with the California Supreme Court October 24, 2011. Doolin states he submitted his state exhaustion petition to the California Supreme Court on October 18, but they refused to file it due to "non-substantive clerical errors." Doolin asserts the exhibits in support of the exhaustion petition were accepted by the California Supreme Court on October 18, and held until the exhaustion petition was filed on October 24, 2011.

The Warden contends Doolin has not shown good cause for stay and

1  abeyance as required by *Rhines v. Weber*, 544 U.S. 269 (2005).  Contrary to
2  Doolin's assertion, the Warden asserts there is no uncertainty over the timeliness
3  of his state exhaustion petition, that California's timeliness rule is firmly
4  established and regularly followed and that Doolin has failed to show the
5  absence of substantial delay, good cause for the delay, or that he meets an
6  exception to the rule.  The Warden requests Doolin's motion for stay and
7  abeyance be denied, and Doolin be ordered to withdraw his unexhausted claims
8  and to proceed with litigation on his exhausted claims.

9  Doolin disagrees that the state's timeliness rules are certain, and asserts in
10 his state exhaustion petition that (1) his claims were filed without substantial
11 delay from the time the claims were discovered after funding was provided by
12 the federal court; (2) good cause exists for any delay because prior appellate/
13 habeas counsel was ineffective by failing to present these claims and/or to request
14 funding to investigate them; and (3) the claims fall within exceptions to the
15 timeliness standards as they allege constitutional errors that resulted in a
16 fundamentally unfair trial and presented a misleading profile of Doolin such that
17 absent the errors no reasonable jury would have imposed a sentence of death.
18 Doolin asserts the California Supreme Court should be allowed to make the
19 determination whether or not the claims presented in the exhaustion petition will
20 be addressed on the merits.

21 Doolin filed a motion for additional equitable tolling November 28, 2011.
22 Doolin requests the statute of limitations be extended six days, to October 24, to
23 ensure that California's "unreasonable refusal to file the petition it received on
24 October 18 will not create procedural confusion in future," and to prevent any
25 "additional and unnecessary obstacles to this Court's consideration of his newly-
26 developed claims and evidence" should the California Supreme Court reject

them.

The Federal Defender was initially appointed to represent Doolin October 14, 2009. The one-year statute of limitations began to run October 5, 2009. The Federal Defender discovered a conflict in their representation and withdrew May 28, 2010. CJA counsel was appointed to represent Doolin June 15, 2010, and the statute of limitation was equitably tolled for 204 days to April 27, 2011. Subsequently, the parties stipulated to an additional 84 days of equitable tolling to July 20, 2011, due to the illness of lead counsel for Doolin. Following the issuance of *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388 (April 4, 2011), the proceedings were suspended and the budget re-evaluated. An additional 90 days of equitable tolling was granted, extending the statute of limitations to October 18, 2011.

Doolin's motion for further equitable tolling results from his state exhaustion petition being filed on October 24, 2011, six days after the expiration of his (already equitably-tolled three times) statute of limitations on October 18, 2011. Doolin asserts the substance of his state exhaustion petition complied with California's requirements, and the California Supreme Court Clerk's refusal to file the petition did not comply with their own rules. Doolin contends the state's rules require that a non-conforming petition be filed and then corrected. Doolin argues he has been diligent in pursuing his rights, and the state's refusal to comply with their own rules was an extraordinary circumstance which prevented a timely filing.

The Warden opposes further equitable tolling of the statute of limitations, asserting Doolin has not made the required showing. The Warden contends Doolin should seek relief from the state court for non-compliance with the California Rules of Court. The Warden also contends that Doolin has not shown

that he is entitled to equitable tolling since he complied with the *federal* timing rules. The Warden asserts Doolin's problem is that he did not comply with the federal exhaustion requirement by presenting his claims to the state prior to raising them in federal court. The Warden argues, despite Doolin's claim to the contrary, that no "extraordinary circumstance" prevented his timely filing of the state exhaustion petition, but that it was caused by simple attorney negligence in failing to ensure the state petition conformed to state court rules.

The Warden contends Doolin's motion for stay and abeyance should be denied because he failed to file his state exhaustion petition within the federal statute of limitations. Doolin based his motion for stay and abeyance on uncertainty over whether the state court would find the claims in his exhaustion petition timely and properly filed, and thus subject to statutory tolling. Since Doolin did not file his exhaustion petition until after the expiration of the federal statute of limitations, the Warden asserts it makes no difference whether the state court finds the exhaustion petition to be timely, as the claims will still be time barred in federal court. The Warden argues Doolin has no valid basis for requesting a stay of federal proceedings, as even a properly-filed state petition cannot revive the federal statute of limitations once it has expired. *See Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). The Warden contends Doolin's motion for stay and abeyance should be denied and his unexhausted claims should be withdrawn from his federal petition.

Doolin replies the filing date of his state exhaustion petition is irrelevant to the federal timeliness of his unexhausted claims. Doolin filed all the claims he intends to pursue in federal court within the AEDPA limitations period as set by this Court. Doolin argues the California Supreme Court plays no role in the federal timeliness determination under the AEDPA.

Conversely, Doolin contends the state court imposes no deadlines for exhaustion petitions, but inquires whether newly-discovered claims were presented "as promptly as the circumstances allow," and "without 'substantial delay.'" Doolin asserts that since the state court has ordered informal briefing on his exhaustion petition, his unexhausted claims are at least potentially meritorious, and so his federal petition should be stayed under *Rhines*.

Doolin disputes the Warden's citation to *Jimenez v. Rice*, as inapplicable to his case, as the petition there contained only unexhausted claims. Doolin asserts his federal petition, which contains both exhausted and unexhausted claims, can be stayed so that there will be no need to "revive" an "expired" statute of limitations, since all his claims were already timely filed in this Court.

Doolin furthers asserts that filing a state exhaustion petition after the filing of a federal petition does not run afoul of the statute of limitations. Doolin notes this was the procedural posture of *Rhines*, where the exhaustion petition was not yet filed when the state appealed the district court order staying the federal petition. *See also Gonzales v. Wong*, __ F.3d __, 2011 WL 6061514 (9th Cir. Dec. 7, 2011) (instructing district court on remand to stay and abey federal habeas proceedings to allow petitioner to present his *Brady* claim to the state court).

Doolin argues that his motion for stay and abeyance should be granted as this Court has the authority to stay his federal petition, he has good cause for no presenting the evidence to the state court, he has been diligent, and his exhaustion petition contains potentially meritorious claims.

Attorney negligence is not an "extraordinary circumstance" on which equitable tolling should be granted. *Lawrence v. Florida*, 549 U.S. 327, 337-38 (2007). Given the generous amount of time granted to CJA counsel to prepare and file the federal petition by the three prior orders granting equitable tolling, it

1  is not unreasonable to presume that counsel could have filed the exhaustion
2  petition one week, or even one day, prior to the expiration of the statue of
3  limitations, so that any formatting problems could be timely corrected.  Doolin's
4  motion for further equitable tolling is DENIED.

5  However, Doolin's argument that *Rhines* does not require unexhausted
6  claims to be presented to a state court <u>before</u> the statute of limitations expires,
7  only that they be presented in a timely matter to avoid unnecessary delay, is
8  persuasive.  Doolin asserts he presented all the claims he intends to pursue in his
9  federal petition, and his petition was timely filed under the statute of limitations.

10  California's rules regarding what circumstances meet the "good cause for
11  substantial delay" requirement are unclear.  The state court should be allowed to
12  determine if Doolin has complied with their requirements.  Doolin's motion for
13  stay and abeyance of his federal petition is GRANTED.

15  IT IS SO ORDERED.

17  DATED:     January 17, 2012

18                                                            /s/ Anthony W. Ishii
19                                                      Chief United States District Judge