# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZON DOOLIN,<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS, Warden of California State Prison at San Quentin,<br><br>    Respondent. | Case No. 1:09-cv-01453-AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR EVIDENTIARY DEVELOPMENT<br><br>(ECF No. 187) |

Currently before the court is petitioner's motion, filed October 27, 2016, through appointed counsel, for an order permitting David Mugridge, former counsel for prosecution witness Josefina Saldana aka Josefina Hernandez, deceased  i) to disclose to petitioner's attorneys the information in his possession bearing on petitioner's innocence, and ii) to be deposed concerning such information.

Respondent filed his response to the motion on December 7, 2016.  Petitioner filed a reply on December 15, 2016.

Based on the facts of this case and controlling law, the Court finds the instant motion suitable for decision without a hearing.

/ / /

/ / /

/ / /

1

# I.

# BACKGROUND

On May 7, 1996, a jury found petitioner guilty on two counts of murder and four counts of attempted murder. The jury found true special circumstances of multiple murder. On May 21, 1996, the jury recommended a sentence of death. The trial court imposed the death sentence on June 18, 1996.

Petitioner's direct appeal to the California Supreme Court was denied on January 5, 2009. His initial state habeas petition was denied on June 24, 2009. His petition for certiorari to the U.S. Supreme Court was denied on October 5, 2009.

Petitioner began this federal proceeding on August 17, 2009. He filed his federal petition on October 18, 2011.

On January 17, 2012, these federal proceedings were stayed to allow petitioner to pursue his second exhaustion petition filed in the California Supreme Court on October 24, 2011. In re Doolin, Cal. Sup. Ct. No. S197391. On May 4, 2016, petitioner filed a third exhaustion petition in the California Supreme Court which includes a claim of innocence. In re Doolin, Cal. Sup. Ct. No. S234285. These federal proceedings remain in abeyance of action by the California Supreme Court on the exhaustion petitions.

# II.

# DISCUSSION

Petitioner alleges that new information sought from Mugridge, who was counsel for Saldana in her separate murder proceeding, suggests Saldana was the actual killer of one of the victims for whose murder petitioner was convicted and sentenced.

For the reasons that follow, the court is not persuaded that petitioner is entitled to and needs the requested evidentiary development in this proceeding.

**A.    Jurisdiction and Comity**

Petitioner argues for evidentiary development in this proceeding because the California Supreme Court, on September 21, 2016 summarily denied his request for an order allowing "Mugridge to reveal to petitioner's counsel what he knows and possesses regarding [p]etitioner's

2

1 innocence ….." (ECF No. 187 at 6; id., at Ex. A; see also ECF No. 192, Ex.'s A-C.) However, the habeas claim of innocence for which petitioner seeks evidentiary development is not presently before the court. The innocence claim is not included in petitioner's federal petition, but is pending exhaustion with the state supreme court and has not been adjudicated on the merits.

The court is unpersuaded that on the present facts it can and should involve itself in development of the pending state habeas claim. See Sherman v. McDaniel, 333 F.Supp.2d 960, 969 (D. Nev. 2004) (federal habeas petitioner may not conduct discovery without a showing that "he has exhausted in state court, and has not procedurally defaulted, the claims on which his proposed discovery is based."). Significantly, petitioner has not demonstrated that state evidentiary development of the innocence claim is foreclosed by the state supreme court's September 21, 2016 order denying relief. The state supreme court may yet order evidentiary development of the innocence claim when it is adjudicated. See Sherman, 333 F.Supp.2d at 969-70 (state court is in first instance the appropriate forum for resolution of factual issues concerning unexhausted claims).

Underlying principles of comity also dictate that the state court be given the initial opportunity to review federal constitutional challenges to state convictions. Coleman v. Thompson, 501 U.S. 722, 731 (1991). "Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Rose v. Lundy, 455 U.S. 509, 518 (1982); see also Darr v. Burford, 339 U.S. 200, 204 (1950), overruled in part on other grounds by Fay v. Noia, 372 U.S. 391, 435-36 (1963) and Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977) (same).

Here, the state supreme court should be afforded the opportunity to act on petitioner's innocence claim and, if appropriate, develop related facts. At least initially, any federal control over evidence to be utilized in the course of state exhaustion "is the antithesis of comity". Geren

3

1  v. Carey, No. CIV S-05-1344 JKS GGH P, 2009 WL 3273290 at *6 (E.D. Cal. October 9, 2009),
2  citing Courtney v. Hedgepeth, No. CIV S-07-1045 JAM GGH P, 2008 WL 4891216 at *1, (E.D.
3  Cal. November 12, 2008).

4      For the reasons stated, petitioner has not demonstrated this court can and should exercise
5  jurisdiction over the state innocence claim for purposes of the requested relief.

6      **B.**    **Discovery and Good Cause**

7      Petitioner argues there is good cause for development and preservation of new evidence
8  concerning his unexhausted state innocence claim.

9      Availability of discovery during habeas is vested in the sound discretion of the district
10 court. Campbell v. Blodgett, 982 F.2d 1356, 1358, (9th Cir. 1993). A judge may authorize or
11 limit discovery upon a showing of the reasons for the request and good cause. See Rules
12 Governing § 2254 Cases, Rule 6. Discovery should be allowed if it will help illuminate issues
13 underlying applicant's claim. Gaitan-Campanioni v. Thornburgh, 777 F.Supp. 1355, 1356 (E.D.
14 Tex. 1991).

15     1.    Discovery Premature

16     Petitioner argues there is good cause for discovery in this proceeding because new
17 information may establish petitioner's innocence as to one of the murders for which he was
18 convicted and sentenced, and there is a real fear the new information will be lost absent such
19 discovery. But factual development in this proceeding is premature.

20     This action was initiated after April 24, 1996, and is subject to the amendments to 28
21 U.S.C. § 2254 enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996
22 (AEDPA), 110 Stat. 1214. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under AEDPA, the
23 court's review is limited to the state record unless and until 28 U.S.C. § 2254(d) is satisfied.
24 Cullen v. Pinholster, 563 U.S. 170, 181 (2011); see also Rogovich v. Ryan, 694 F.3d 1094, 1096-
25 97 (9th Cir. 2012), citing Pinholster, 563 U.S. at 180 (where a state court denies the claim on the
26 merits, an expanded record cannot be considered in determining whether the state court's
27 decision was objectively unreasonable).

28     Here, the state supreme court has not adjudicated the innocence claim. This court has not

analyzed that claim on the merits and made a determination under § 2254(d).  Therefore, it follows that any discovery of new information in this proceeding would have no bearing on 2254(d) review, Pinholster, 563 U.S. at 185, and would not be a basis for this court to grant habeas relief on the presently unexhausted claim, 28 U.S.C. § 2254(b)(1)(A).

   2.   Attorney-Client information

Petitioner argues there is good cause for the court to issue an order permitting Mugridge to disclose the new information.  It appears the new information may be confidential and privileged attorney-client information under state law.  Petitioner argues the new information relates to his unexhausted innocence claim pending before the California Supreme Court.  (ECF No. 187 at 5, citing In re Doolin, Cal. Sup. Ct. No. S234285, claim 1 at 3-13.)  Petitioner notes Mugridge's belief that Saldana would have wanted this new information to be disclosed as requested.  (ECF No. 187 at 5, citing Ex. B ¶ 8.)

However, to the extent petitioner requests that Mugridge disclose information privileged under state law, his request seems to exceed the threshold scope of Rule 26.  Federal discovery is in the first instance limited to unprivileged information.  Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ….").

Additionally, the court's habeas jurisdiction does not extend to matters that concern only state privilege, evidentiary requirements and professional duty.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (it is not the province of a federal habeas court to re-examine state court determinations of state law questions).

   3.   Deposition to Perpetuate Testimony

Petitioner argues there is good cause for the court to permit the deposition of Mugridge in order to preserve his testimony because "crucial exculpatory evidence will be irreparably lost unless the requested relief is granted."  (ECF No. 187 at 2.)  He supports this request with Mugridge's attestation that:

> As I get older and further removed in time from the Saldana trial I know that my memory of events and conversations with my client are fading and will continue to further erode. Knowing what I do of my client I cannot conceive that she would

> resist my assistance with the attorneys representing Keith Doolin if it would be helpful to them. I have maintained all of the files and notes in the Saldana case. Although I can maintain those papers indefinitely, my concern is that as every day passes it will become more difficult for me to recall the specifics of the Saldana matter for a case that is now over 15 years old.

(ECF No. 187 at 5; see also id. at Ex. B.) However, the court does not find good cause to perpetuate the testimony of Mugridge.

Federal Rule of Civil Procedure 27 provides generally for perpetuation of testimony by deposition upon a showing of the expected substance of the testimony and the reasons for perpetuating the testimony. The court may grant such relief if perpetuating the testimony may prevent a failure or delay of justice. Fed. R. Civ. P. 27.

Rule 27 is available in habeas proceedings. Fed. R. Civ. P. 27(c); see also Calderon v. U.S. Dist. Court for Northern Dist. of California, 144 F.3d 618, 621-22 (9th Cir. 1998) (finding good cause to perpetuate testimony concerning claim deleted from the federal petition and pending state exhaustion); Martin v. Reynolds Metals Corp., 297 F.2d 49, 55 (9th Cir. 1961) (court has the power to order taking of deposition for purpose of perpetuating evidence). However, a petitioner seeking to perpetuate deposition testimony under Rule 27 must make "specific allegations … show[ing] reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief …." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997), citing Harris v. Nelson, 394 U.S. 286, 300 (1969).

Here, the request to preserve testimony is premature and unsupported in the record. For the reasons stated above and those that follow, the court has no basis upon which to determine the proposed testimony would lead to development of facts showing entitlement to relief in this proceeding.

Petitioner has not shown how and the extent to which Mugridge's testimony, as opposed his files and notes would constitute new probative evidence in this proceeding. Mugridge concedes he can maintain his notes and files indefinitely. (ECF No. 187 at 5; id. at Ex. B.) The court finds petitioner's argument that Mugridge's testimony may be necessary because his files and notes may be inadmissible hearsay at trial to be speculative. See e.g., Dokhan v. Obama, 599 F.Supp.2d 18, 22 (D.D.C. 2009) (material and relevant hearsay evidence may be admissible

6

in federal habeas proceeding where reliable and presentation of the evidence in compliance with Federal Rules of Evidence and not unduly burdensome).

Petitioner has not shown that there is a risk Mugridge's testimony might be lost if not perpetuated by deposition. He argues there is a risk of loss due to Mugridge's age and the possibility his memory may fade over time. While the age and health of a deponent may be relevant in determining whether there is a sufficient basis to perpetuate testimony, Penn. Mut. Life Ins. Co., v. U.S., 68 F.3d 1371, 1375 (C.A.D.C. 1995), petitioner offers no facts showing Mugridge's age or health, or that by virtue of either there is a significant risk his testimony will be lost. This is not a sufficient under Rule 27. See Penn. Mut. Life Ins. Co., 68 F.3d at 1374-75 (general allegation that with passage of time the ability of witness to recall facts and testify completely might be impaired found insufficient to support perpetuation of testimony).

Petitioner's reliance upon Calderon as authority to perpetuate Mugridge's testimony, (see ECF No. 193 at 3-4, citing Calderon, 144 F.3d at 621-22), is misplaced. The court in Calderon upheld a Rule 27 deposition to preserve testimony concerning an unexhausted claim deleted from a federal habeas petition. However, that court had before it not only the nature but also the substance of the proposed testimony (a third party confession to the murders for which the petitioner therein was convicted), as well as a significant risk the proposed deponent (to whom the third party confessed) would make himself unavailable at a later court proceeding. Calderon appears distinguishable on its facts.

Additionally, the court is not persuaded by petitioner's passing argument that continuing and possibly significant delay in the state supreme court's resolution of his innocence claim is a basis to perpetuate Mugridge's testimony. See e.g., Ash v. Cort, 512 F.2d 909, 913 (3d Cir. 1975) (motion to perpetuate testimony properly denied where supported only with conclusory statements that continued delay in granting discovery would likely result in loss of evidence).

The court finds no basis upon which to determine that Mugridge's proposed testimony would lead to development of facts showing entitlement to relief in this proceeding. Nor has petitioner demonstrated unavailability of Mugridge, or reasons why his testimony will be lost if not preserved.

## III.

## ORDER

Accordingly, for the reasons stated petition's motion for evidentiary development (ECF No. 187) is denied without prejudice.

IT IS SO ORDERED.

Dated: __**January 18, 2017**__

UNITED STATES MAGISTRATE JUDGE

8