UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ZON DOOLIN, | Case No.  1:09-cv-01453-JLT |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO AUTHORIZE FUNDING OF ANCILLARY STATE EXHAUSTION PROCEEDINGS |
| KIMBERLY THORNTON, Acting Warden of High Desert State Prison, | |
| Respondent.[1] | (Doc. 220) |

On February 18, 2026, petitioner filed a motion for Criminal Justice Act funding of claim exhaustion proceedings in the California Court of Appeal, Fifth Appellate District. Petitioner argues the exhaustion proceedings in the state appellate court are ancillary to federal claim exhaustion and that the state will not fund the exhaustion appeal.[2] (*See* Doc. 220 at 2 citing 18 U.S.C. § 3599(e); *Harbison v. Bell*, 556 U.S. 180).

Petitioner was convicted in 1996 for multiple counts of first-degree murder, and he was sentenced to death. Thereafter, the conviction and sentence were affirmed, and state habeas relief was denied. Petitioner filed a mixed federal petition in 2011. The Court stayed the action to allow in state

---

[1] Petitioner is incarcerated at High Desert State Prison, in the care and custody of Acting Warden Kimberly Thornton. *See* Ciris.mt.cdcr.ca.gov (last visited February 27, 2026). Pursuant to Federal Rule of Civil Procedure 25(d), Warden Thornton is substituted as respondent in place of her predecessor wardens.

[2] Criminal Justice Act, 18 U.S.C. § 3006A.

1

court. The California Supreme Cour transferred exhaustion proceedings to the sentencing court, the Fresno Superior Court. That court denied the consolidated state exhaustion petition in 2025. Petitioner appealed the denial of his consolidated exhaustion petition to the California Court of Appeal, Fifth Appellate District, which granted a limited certificate of appealability.

The Court will deny the instant motion without prejudice to a funding authorization prepared with the assistance of the assigned Ninth Circuit Case Managing Attorney and through eVoucher.[3] *See* General Order 700 [Adopting 2026 CJA Plan], sections XII B 2 (case budgeting is mandatory for all capital cases), and XII F (CJA panel attorneys must comply with electronic filing and eVoucher requirements); Ninth Circuit CJA Policies and Procedures updated January 2026, section III A (all CJA costs in capital habeas proceedings must be budgeted by a circuit Case Budgeting Attorney through a Budget-AUTH in eVoucher).  Thus, the Court **ORDERS**:

1.	The motion to authorize funding of ancillary state exhaustion proceedings in the California Court of Appeal, Fifth Appellate District (Doc. 220) is **DENIED without prejudice** to a funding authorization prepared with the assistance of the assigned Ninth Circuit Case Managing Attorney, Jennifer Naegele, jnaegele@ce9.uscourts.gov, and through eVoucher.

IT IS SO ORDERED.

Dated:   **February 28, 2026**

UNITED STATES DISTRICT JUDGE

---

[3] *See* E.D. Cal. Local Rules 230(g).